Filed 9/30/22  P. v. Nixon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRANDON ANDRE KEITH NIXON,<br><br>        Defendant and Appellant. | C094767<br><br>(Super. Ct. No. 17FE009669) |

Defendant Brandon Andre Keith Nixon stipulated to the terms of his sentence.  He appeals and seeks resentencing under the ameliorative sentencing provisions of Senate Bill No. 567 regarding upper term sentences and sentences imposed on youthful offenders.

We affirm the judgment.  The sentencing provisions of Senate Bill No. 567 do not apply to stipulated sentences.

FACTS AND HISTORY OF THE PROCEEDINGS

Pursuant to a plea agreement, defendant in 2018 pleaded no contest to carrying a concealed weapon, carrying a loaded firearm, perjury, and two misdemeanor counts of

1

unlawfully possessing ammunition. (Pen. Code, §§ 25400, subd. (a)(1); 25850, subd. (a); 118, subd. (a); 30305, subd. (a)(1); statutory section citations that follow are found in the Penal Code unless otherwise stated.)

The trial court sentenced defendant consistent with the stipulated terms of the plea agreement: a five-year, four-month split sentence with the first four months to be served in custody and the remaining five years on mandatory supervision. The sentence was based on the upper term of four years for the perjury count and eight months (one-third the middle term) for each of the weapon counts, to be served consecutively. For the misdemeanor counts, the court sentenced defendant to concurrent terms of four months each with both terms to be served in custody.

In 2021, defendant was convicted in Sacramento Superior Court case No. 19FE014370 of making criminal threats. (§ 422.) (An appeal from the new judgment is currently pending. (*People v. Nixon*, C094488).) Due to the new conviction, the trial court in the present case revoked defendant's mandatory supervision and ordered him to serve the remainder of his sentence in state prison.

## DISCUSSION

At the time defendant was sentenced, section 1170, subdivision (b) gave trial courts broad discretion to decide which of the three terms of incarceration specified for an offense would best serve the interests of justice. (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.; Stats. 2021, ch. 731, § 1.3, 3(c)) (Senate Bill 567) amended section 1170 by making the middle term the presumptive sentence when the court has discretion to impose one of the three terms. Under the new law, "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," except that the trial court may impose the upper term when there are

2

circumstances in aggravation and the facts underlying those aggravating circumstances have been stipulated by the defendant or found true beyond a reasonable doubt by a jury or court trial. (§ 1170, subd. (b)(1), (2).)

Senate Bill 567 also incorporated language from Assembly Bill No. 124 to amend section 1170 to make the low term the presumptive sentence if the defendant was a "youth" (defined as a person under the age of 26 years) at the time of committing the offense. (§§ 1170, subd. (b)(6), (b)(6)(B); 1016.7, subd. (b).) Under those circumstances, a trial court must impose the low term when the person's youth was a contributing factor in the commission of the offense "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

Defendant was 23 years old when he committed his offenses, and his judgment is not final. The parties agree that Senate Bill 567's amendments apply retroactively to this case as "an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308 [].)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039, fn. omitted.) They disagree, however, as to whether defendant is entitled to any relief.

Defendant contends he is entitled to resentencing because his current sentence did not comply with Senate Bill 567. No jury found beyond a reasonable doubt, nor did defendant stipulate to any facts supporting aggravating circumstances to justify the upper term sentence. Also, he was 23 years old at the time of the offense, entitling him to be sentenced presumptively to the lower term.

In the People's view, Senate Bill 567's amendments to section 1170 do not apply because defendant stipulated to the sentence in his negotiated plea agreement, including the upper term on the perjury count, and the trial court simply imposed sentence in accordance with the agreement, lacking discretion to impose a different term. We agree with the People.

3

The plain language of the amendatory language in section 1170 relates to the discretion involved when the court fashions and imposes a sentence from a sentencing triad, not the parties' ability to negotiate or the court's authority to accept a stipulated sentence. (See § 1170, subd. (b)(6) [stating the court shall impose the lower term unless the court finds the interests of justice demand otherwise]; § 1170, subd. (b)(2) [discussing the court's ability to exercise its discretion to exceed the middle term in imposing a sentence].) Here, because the plea agreement included a stipulated sentence, including an agreed-upon upper term, the trial court was never called upon to exercise any discretion in fashioning a sentence. Nor could it do so.

A negotiated plea is a contract. (*Doe v. Harris* (2013) 57 Cal.4th 64, 69.) " ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.) The trial court may decide not to approve the terms of a plea agreement negotiated by the parties if it does not believe the agreed-upon disposition is fair, but it cannot change that bargain or agreement without the consent of both parties. (*Id.* at p. 931.) If the court accepts the plea, "the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).)

In the present case, the trial court followed the rules applicable to negotiated pleas and conducted no analysis of aggravating and mitigating circumstances. The court sentenced defendant consistent with the agreed-upon terms of the sentence. Because under these circumstances the trial court could not both accept the plea agreement and make a discretionary sentencing choice under section 1170, subdivision (b), Senate Bill 567's amendments of section 1170 are inapplicable to this case.

Several courts have considered an analogous situation in cases arising under section 1170.91, which mandates consideration of trauma resulting from military service as a mitigating factor when a court exercises discretion in imposing a determinate

4

sentence from the triad pursuant to section 1170, subdivision (b). (See, e.g., *People v. Pixley* (2022) 75 Cal.App.5th 1002; *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*); *People v. King* (2020) 52 Cal.App.5th 783.) In those cases, petitioners sought resentencing on matters previously resolved through plea agreements with stipulated sentences of a fixed number of years. The courts denied relief on the same basis applicable here: when a court accepts a plea agreement specifying a particular sentence and sentences a defendant in accordance with that agreement, the trial court cannot impose a different sentence; it may not consider factors in mitigation and aggravation; and it exercises no discretion to decide between an upper, middle, and lower term. (*Brooks*, at pp. 1108-1109, quoting *King*, at p. 791; *Pixley*, at pp. 1005-1006.)

Defendant argues that the cases interpreting section 1170.91 do not apply here. He claims that unlike section 1170.91, Senate Bill 567's amendments eliminated the legal basis for the judgment because an aggravating factor must now be proven before an aggravated term may be imposed. The amendments apply whenever "imprisonment is to be imposed and the statute specifies three possible terms," including, according to defendant, in plea agreements. (§ 1170, subd. (b)(1).) Defendant argues the phrase "its sound discretion" in section 1170, subdivision (b)(1) does not limit the amendments to when a court exercises its discretion to impose a sentence from the sentencing triad. The phrase "instead applies to the manner in which the term is to be selected[.]"

Defendant's argument is unpersuasive. Like section 1170.91, Senate Bill 567's amendments do not eliminate the legal basis for a defendant's stipulated sentence because by their terms they apply only when a trial court exercises discretion to select one of the triad sentences under section 1170, subdivision (b). (See *Brooks, supra*, 58 Cal.App.5th at p. 1107.) The trial court exercised no such discretion when it approved defendant's stipulated sentence. Defendant's interpretation of the phase "its sound discretion" to mean the manner or way a term is selected is meaningless. Under section 1170, subdivision (b), the way a term is selected is by the trial court exercising its discretion to

5

select a term.  Contrast that method with a plea agreement:  "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.' " (*People v. Segura, supra*, 44 Cal.4th at p. 931.)  " 'Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.' " (*Ibid*.)  A trial court has no authority or discretion to order imposition of a particular sentence different than the parties agreed in a plea agreement.  The phrase "its sound discretion" cannot refer to a sentencing where a court has no discretion.

Because we conclude that the amendments to section 1170, subdivision (b) do not apply to a negotiated plea with a stipulated sentence, we need not address whether the remedy in *People v. Stamps* (2020) 9 Cal.5th 685, as raised by the People, is appropriate.

<div align="center">DISPOSITION</div>

The judgment is affirmed.

<div style="margin-left:50%">_____<br>HULL, Acting P. J.</div>

We concur:

_____<br>DUARTE, J.

_____<br>HOCH, J.